UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Allen Spires**, # 298775, ) | **C/A No. 3:06-1751-CMC-JRM** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| **Swanson Canteen Services**; and ) | |
| **NFN King**, Inmate Financial Personnel at Lexington ) | |
| County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

### Background of this Case

The plaintiff is an inmate at the Lee Correctional Institution of the South Carolina

Department of Corrections (SCDC).  The plaintiff has brought suit against Swanson

Canteen Services and a person responsible for inmate accounts at the Lexington County

Detention Center in Lexington, South Carolina.  The complaint indicates that the plaintiff

was confined there prior to his admission to the SCDC.

The complaint and the plaintiff's Answers to the Court's Special Interrogatories

reveal that the plaintiff ordered various items from the canteen at the Lexington County

Detention Center on January 23, 2006.  Aside from one (1) newspaper, the plaintiff did not

receive the items that he purchased and for which his inmate account was debited (Receipt

No. A57478).  The plaintiff's Answers to the Court's Special Interrogatories (Entry No. 6)

disclose what the missing items were: two peanut butter cups; three Mountain Dews® (a

well-known soft drink); three "crunch-n-munch" (apparently candy bars); three honey buns;

1

Dockets.Justia.com

three servings of chicken noodle soup; three servings of "shrimp" noodles; two "nine by twelve"-inch envelopes; seven stamped envelopes; two cards; one "THERMAL SEX" item; and one pack or box of Snyder's Jalapeno pieces. The aggregated prices of all these items are approximately thirty-seven dollars ($37). In his prayer for relief in Part V of the complaint, the plaintiff seeks reimbursement and "ACTUAL DAMAGES[.]"

## Discussion

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint (Entry No. 1) and the plaintiff's Answers to the Court's Special Interrogatories (Entry No. 6) pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2] *Pro se* complaints and petitions

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does
(continued...)

are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Deprivations of personal property, including negligent deprivations of personal property, do not support an action for damages under 42 U.S.C. § 1983.  *See* Daniels v. Williams, 474 U.S. 327, 328-336 & n. 3 (1986).  In Daniels v. Williams, the Supreme Court overruled its earlier holding in Parratt v. Taylor, 451 U.S. 527 (1981), that negligent deprivations of property implicate due process interests.  Secondly, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law.  In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort

_____

(...continued)
not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

committed by a state actor into a constitutional violation." <u>DeShaney v. Winnebago County Department of Social Services</u>, 489 U.S. 189, 200-203, 1989 U.S. LEXIS® 1039 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property — even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. <u>Yates v. Jamison</u>, 782 F.2d 1182, 1183-1184 (4th Cir. 1986). <u>Yates v. Jamison</u> has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *See* <u>Plumer v. Maryland</u>, 915 F.2d 927, 929-932 & nn. 2-5, 1990 U.S.App. LEXIS® 17716 (4th Cir. 1990); and <u>Zinermon v. Burch</u>, 494 U.S. 113, 1990 U.S. LEXIS® 1171 (1990). Nevertheless, the holding in <u>Yates v. Jamison</u> is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property. Hence, the loss of the plaintiff's canteen purchases is not a basis for a federal civil rights action.

Under South Carolina law, the plaintiff's claims relating to the lost property (canteen purchases) are cognizable under the South Carolina Tort Claims Act, § 15-78-10 *et seq.*, South Carolina Code of Laws. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. The plaintiff's claims relating to the lost canteen items are cognizable under the South Carolina Tort Claims Act because the Lexington County Detention Center is operated by a political subdivision of the State of South Carolina.

4

Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code §15-78-20(e)(providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.). Under the South Carolina Tort Claims Act, there are different limitations periods for "verified" claims and claims which fail to comply strictly with the verified claim procedure required by S.C. Code § 15-78-80. Joubert v. South Carolina Department of Social Services, 341 S.C. 176, 189-190, 534 S.E.2d 1, 8, 2000 S.C.App. LEXIS® 92 (S.C.Ct.App. 2000)(outlining differences between "verified" claims filed in accordance with S.C. Code § 15-78-80 as subject to three-year limitations period and all other claims being subject to two-year limitations period).

The benefit to a plaintiff for filing a verified claim is that his or her limitations period is extended from two (2) years to three (3) years. In other words, if a plaintiff fails to file a claim that strictly complies with S.C. Code § 15-78-80, the limitations period is only two (2) years. Plaintiffs failing to pursue their claims within the appropriate limitations period will be barred from suit. *See*, *e.g.*, Murphy v. Richland Memorial Hospital, 317 S.C. 560, 455 S.E.2d 688, 1995 S.C. LEXIS® 31 (1995); Vines v. Self Memorial Hospital, 314 S.C. 305, 443 S.E.2d 909, 1994 S.C. LEXIS® 97 (1994); and Pollard v. County of Florence, 314 S.C. 397, 444 S.E.2d 534, 1994 S.C. App. LEXIS® 72 (S.C.Ct.App. 1994).

Cases from outside this circuit point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See* King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); and Slaughter v.

Anderson, 673 F. Supp. 929, 930 (N.D.Ill. 1987). Moreover, even if the canteen items were intentionally taken by detention center personnel, the plaintiff must utilize his remedies under South Carolina law. *See* Hudson v. Palmer, 468 U.S. 517, 530-536 (1984). In short, the plaintiff has an available judicial remedy for the missing canteen items: the South Carolina Tort Claims Act, supra.[3]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

June 21, 2006                          s/Joseph R. McCrorey
Columbia, South Carolina              United States Magistrate Judge

---

[3]In light of the fact that the plaintiff's loss is under forty dollars ($40), the Magistrate Court for Lexington County appears to be the most appropriate state court for filing such a suit.

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
# The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**